Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| OMAR LÓPEZ LÓPEZ<br><br>Apelante<br><br>v.<br><br>MULTINATIONAL INSURANCE COMPANY Y OTROS<br><br>Apelados | KLAN202400819 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2022CV04287<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

El 5 de septiembre de 2024, el señor Omar López López (apelante o señor López López) instó el recurso de apelación de epígrafe. Solicita que revoquemos una *Sentencia Sumaria* emitida el 6 de agosto de 2024, y notificada al día siguiente, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[1] Mediante dicha determinación, el foro primario declaró ha lugar la *Moción de Sentencia Sumaria* presentada por el Municipio de Vega Baja (Municipio) y su aseguradora Multinational Insurance Company (en conjunto, parte apelada). Consecuentemente, desestimó con perjuicio la demanda de epígrafe en virtud de la inmunidad concedida a los municipios por el inciso (g) del Artículo 1.053 del *Código Municipal* cuando ocurren accidentes en carreteras o aceras estatales.[2]

Por otro lado, la parte apelada presentó un *Alegato de la Parte Apelada* el 7 de octubre de 2024.

---

[1] *Sentencia Sumaria*, Apéndice del recurso, págs. 291-299.
[2] Artículo 1.053 (g) del *"Código Municipal de Puerto Rico"*, Ley Núm. 107 del 13 de agosto de 2020, según enmendada, 21 LPRA sec. 7084.

Número Identificador
SEN2024_____

Examinados los escritos a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, *se confirma* la *Sentencia Sumaria* recurrida.

**I.**

El 23 de agosto de 2022, el señor López López presentó una *Demanda* contra la parte apelada en concepto de daños y perjuicios.[3] Por medio de esta alegó que, el 19 de octubre de 2021, iba caminando por una acera localizada frente al Cuartel de la Policía en Vega Baja. Sostuvo que se cayó al suelo después de tropezar con un desnivel en la superficie de dicha acera provocado por una raíz de un árbol ubicada en la orilla de la vía peatonal. Expuso que, a consecuencia del supuesto incidente, sufrió daños. Además, arguyó que como los empleados del Municipio repararon el desnivel al día siguiente de la caída, eso demostró la titularidad del Municipio sobre dicha acera, al igual que su deber de mantenerla. Por último, suplicó del foro primario que se le impusiera a la parte apelada el pago solidario de no menos de $500,000.00 en concepto de todos los daños sufridos por el señor López López, las costas del pleito y los intereses que se acumularon desde la fecha del accidente.

Posteriormente, la aseguradora del Municipio presentó una *Contestación a la Demanda* el 1 de noviembre de 2022,[4] y el Municipio presentó una *Contestación a la Demanda* el 16 de mayo de 2023.[5] Ambas negaron las alegaciones presentadas por el señor López López.

Luego de varios trámites procesales, el 4 de junio de 2024, el Municipio radicó una *Contestación Enmendada a la Demanda* para atemperar las alegaciones responsivas y afirmativas con la prueba

---

[3] *Demanda*, Apéndice del recurso, págs. 1-6.
[4] *Contestación a la Demanda*, *Íd.*, págs. 7-17.
[5] *Contestación a la Demanda*, *Íd.*, págs. 23-32.

descubierta,[6] la cual el TPI aceptó mediante una *Orden* emitida el 5 de junio de 2024, y notificada al día siguiente.[7]

El 4 de junio de 2024, la parte apelada presentó una *Moción de Sentencia Sumaria* donde sostuvo que el Municipio estaba cobijado por la inmunidad dispuesta por el inciso (g) del Artículo 1.053 del *Código Municipal* y conforme a lo resuelto por nuestro Tribunal Supremo en *González Meléndez v. Municipio Autónomo de San Juan.*[8] Acompañó a dicha moción, dos certificaciones en las cuales el señor Wilcelino Sánchez Rodríguez, inspector de la vía pública, certificó que la carretera 155 km 67.5, lugar donde alegó el señor López López que ocurrió el incidente, no pertenecía ni estaba bajo la jurisdicción del Municipio.[9]

Posteriormente, el señor López López presentó una *Oposición a Sentencia Sumaria* el 26 de junio de 2024.[10] Alegó que estaba en controversia 1) quién asumió legalmente la obligación de mantener y reparar la acera donde ocurrió el accidente; 2) cómo el Municipio pudo negar la titularidad de la acera y asignar fondos públicos para diseñar, mejorar, remover y reparar el lugar donde ocurrió el accidente; y 3) si procedía la aplicación retroactiva de la norma establecida en *González Meléndez v. Municipio Autónomo de San Juan.*[11]

Después de varios trámites procesales, el foro primario emitió una *Sentencia Sumaria* el 6 de agosto de 2024, notificada al día siguiente. Mediante dicha determinación, declaró ha lugar la solicitud de sentencia sumaria presentada por la parte apelada, y,

---

[6] *Contestación Enmendada a la Demanda, Íd.*, págs. 57-67; *véase además, Moción al Amparo de la Regla 13.1 de Procedimiento Civil, Íd.*, págs. 55-56; *Moción en Oposición a Enmienda, Íd.*, págs. 222-226.
[7] *Orden, Íd.*, pág. 227.
[8] *Moción de Sentencia Sumaria, Íd.*, págs. 68-79; Artículo 1.053 del *Código Municipal,* supra, sec. 7084; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601 (2023).
[9] *Certificación sobre Titularidad o jurisdicción,* Apéndice del recurso, pág. 189; *Certificación sobre Titularidad o jurisdicción, Íd.*, pág. 190.
[10] *Oposición a Sentencia Sumaria, Íd.*, págs. 232-247.
[11] *González Meléndez v. Municipio Autónomo de San Juan,* supra.

consecuentemente, desestimó la demanda de epígrafe en virtud de la inmunidad concedida a los municipios por el inciso (g) del Artículo 1.053 del *Código Municipal* cuando ocurren accidentes en carreteras o aceras estatales.[12] Fundamentó su decisión en que la acera donde ocurrió el incidente forma parte de la Carretera PR-155, la cual es una carretera estatal. Además, determinó que el Municipio de Vega Baja tomó la decisión de reparar la acera porque el Estado Libre Asociado (ELA) de Puerto Rico, quien era la entidad con el deber de hacerlo, no lo hizo. Consecuentemente, a la luz de lo resuelto en *González Meléndez v. Municipio Autónomo de San Juan,* resolvió que dicho acto no fue suficiente para imponerle responsabilidad a la parte apelada.[13] También determinó los siguientes hechos relevantes sobre los cuales no existe controversia:

> 1. El 19 de octubre de 2021, el demandante sufrió una caída mientras caminaba por la acera que discurre frente al Cuartel de la Policía de Vega Baja.
>
> 2. El Sr. López sostiene que tropezó con cemento levantado, por la existencia de raíces de árboles, en la mencionada acera.
>
> 3. El accidente ocurrió en la acera de la Calle Betances, también conocida como Carretera PR[-]155.
>
> 4. El Municipio de Vega Baja no posee la titularidad, jurisdicción y control de la Carretera PR-155, a la altura del kilómetro 67.6, donde ocurrió el accidente de epígrafe.
>
> 5. La acera donde el demandante se accidentó forma parte de la Carretera PR[-]155, la cual es una carretera estatal, que pertenece y queda bajo la jurisdicción del ELA.
>
> 6. El Municipio de Vega Baja tomó la decisión de reparar la acera, luego del 19 de octubre de 2021, porque el ELA, quien era la entidad que tenía el deber de hacerlo, no lo hizo.
>
> 7. El Municipio de Vega y la Autoridad de Carreteras otorgaron contrato efectivo del 10 de septiembre de 2020 hasta el 10 de septiembre de 2022 para "Feasibility study for the implementation of complete streets policy in the Municipality of Vega Baja".

---

[12] Artículo 1.053 del *Código Municipal*, supra, sec. 7084.
[13] *González Meléndez v. Municipio Autónomo de San Juan*, supra.

8. El contrato entre el Municipio de Vega Baja y Dpto. de Transportación y Obras Publicas Estatal para asfaltado o "bacheo" de carreteras fue firmado el 10 de diciembre de 2021. O sea, luego del incidente que nos ocupa.[14]

Inconforme con dicha determinación, el señor López López acudió ante esta Curia el 5 de septiembre de 2024 mediante un recurso de apelación y señaló que el TPI cometió los siguientes errores:

**ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA SUMARIA DECRETANDO QUE EL MUNICIPIO DE VEGA BAJA TEN[Í]A INMUNIDAD POR ACCIDENTES OCURRIDOS SOBRE LA ACERA EN CONTROVERSIA, CUANDO EL MUNICIPIO ASUMI[Ó] DICHA OBLIGACIÓN CONTRACTUAL Y RENUNCI[Ó] A SU INMUNIDAD DESDE EL INICIO DEL PLEITO.**

**ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR RETROACTIVAMENTE EL CAMBIO DE LA NORMA JURISPRUDENCIAL QUE CONCEDE INMUNIDAD A LOS MUNICIPIOS, CUANDO LA NORMA APLICABLE A LA FECHA DE LOS HECHOS ERA OTRA.**

En lo pertinente, el señor López López sostuvo que, a través de una serie de contratos, el Municipio asumió la obligación de reparar y conservar las aceras y áreas verdes de la Calle Betances, y adquirió el derecho de cobrarle al Gobierno de Puerto Rico por dichas reparaciones. Arguyó que, por dichos contratos, el Municipio renunció a la inmunidad determinada en *González Meléndez v. Municipio Autónomo de San Juan*,[15] y reparó la acera al día siguiente del incidente del caso de epígrafe. También expuso que como el Municipio y su aseguradora no reclamaron, por medio de las contestaciones a demanda, que la acera en cuestión era estatal, renunciaron a dicha defensa. Por último, alegó el señor López López que incidió el TPI al aplicar retroactivamente la norma de *González Meléndez v. Municipio Autónomo de San Juan.*[16]

---

[14] *Sentencia Sumaria*, Apéndice del recurso, pág. 292.
[15] *González Meléndez v. Municipio Autónomo de San Juan*, supra.
[16] *Íd.*

Por su parte, el 7 de octubre de 2024, la parte apelada presentó un *Alegato de la Parte Apelada*. En síntesis, alegó que el señor López López no pudo controvertir que la carretera por la cual discurre la acera era propiedad del ELA. Solicitó que se confirmara la *Sentencia Sumaria* recurrida, pues a la fecha del accidente la inmunidad que surge del Artículo 1.053 del *Código Municipal* ya estaba vigente,[17] y que *González Meléndez v. Municipio Autónomo de San Juan*[18] no le confirió la misma a los municipios, sino que aplicó la inmunidad de dicho artículo.

**II.**

**A.**

El mecanismo procesal de la sentencia sumaria surge de la Regla 36.1 de Procedimiento Civil.[19] El propósito de esta regla es facilitar la solución justa, rápida y económica de litigios civiles en los cuales no existe controversia real y sustancial de hechos materiales que no requieren ventilarse en un juicio plenario.[20] De esta forma, se promueve la descongestión de calendarios.[21]

Por medio de este mecanismo, una parte puede solicitar que el tribunal dicte sentencia sumaria de la totalidad de la reclamación o de parte de esta.[22] Sin embargo, la sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes.[23]

---

[17] Artículo 1.053 del *Código Municipal*, supra, sec. 7084.
[18] *González Meléndez v. Municipio Autónomo de San Juan*, supra.
[19] Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1.
[20] *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Bobé et al. v. UBS Financial Services*, 198 DPR 6, 19-20 (2017); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).
[21] *Vera v. Dr. Bravo*, 161 DPR 308, 331-332 (2004).
[22] *Íd.*, pág. 332.
[23] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994).

El promovente de una sentencia sumaria deberá establecer, mediante declaraciones juradas o con prueba admisible en evidencia, que no existe controversia real respecto a hechos materiales de la controversia.[24] Por hechos materiales se entienden aquellos que pueden afectar el resultado de una reclamación de acuerdo con el derecho sustantivo.[25] De igual modo, la parte promovente puede presentar una sentencia sumaria por insuficiencia de prueba si demuestra que (1) no es necesario celebrar una vista; (2) el demandante no cuenta con evidencia para probar algún hecho sustancial; y (3) procede como cuestión de derecho.[26]

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real por lo cual cualquier duda es insuficiente para derrotar una solicitud de sentencia sumaria.[27] En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales.[28] De esta manera, la parte promovida debe puntualizar los hechos propuestos que pretende controvertir, haciendo referencia a la prueba específica que sostiene su posición.[29] Es decir, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa".[30] No puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa.[31] En síntesis, ha quedado establecido

---

[24] Regla 36.1 de Procedimiento Civil, supra; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015).

[25] *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

[26] *Pérez v. El Vocero de PR*, 149 DPR 427, 446-447 (1999).

[27] *Meléndez González et al. v. M. Cuebas*, supra, pág. 110.

[28] *Íd.* (*citando a Ramos Pérez v. Univisión,* supra, pág. 214).

[29] *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020).

[30] *Íd.,* pág. 44.

[31] Regla 36.3 (c) de Procedimiento Civil, supra, R. 36.3 (c); véase además, *SLG Zapata-Rivera v. JF Montalvo,* supra, pág. 452-453; *Ramos Pérez v. Univisión,* supra, págs. 215-216.

que los tribunales no pueden dictar sentencia sumaria en cuatro (4) situaciones: (1) cuando existan hechos materiales y esenciales controvertidos; (2) cuando existen alegaciones afirmativas en la demanda sin refutar; (3) cuando surge de los propios documentos que acompañan la moción en solicitud de sentencia sumaria que existe una controversia sobre algún hecho material o esencial; o (4) cuando no procede como cuestión de Derecho.[32]

Entretanto, la Regla 36.3 de Procedimiento Civil establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida.[33] Respecto a la moción solicitando que se dicte una sentencia sumaria, la Regla 36.3 (a) de Procedimiento Civil dispone que la misma tiene que desglosar lo siguiente:

> (1) una exposición breve de las alegaciones de las partes;
> (2) los asuntos litigiosos o en controversia;
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
> (6) el remedio que debe ser concedido.[34]

Mientras tanto, la Regla 36.3 (b) de Procedimiento Civil prescribe que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a): una relación de los hechos esenciales y pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en

---

[32] *Oriental Bank v. Perapi*, 192 DPR 7, 26-27 (2014).
[33] Regla 36.3 de Procedimiento Civil, supra, R. 36.3.
[34] Regla 36.3 (a) de Procedimiento Civil, supra, R. 36.3 (a).

controversia; y las razones por las cuales no se debe dictar la sentencia, argumentando el derecho aplicable.[35] Asimismo, cuando se presente una solicitud de sentencia sumaria conforme a la Regla 36 de Procedimiento Civil "la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede".[36]

De otra parte, nuestro Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar una denegatoria o una concesión de una moción de sentencia sumaria.[37]

En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una *de novo* y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civi,[38] al igual que los criterios que la jurisprudencia le exige al foro primario. Asimismo, debe examinar el expediente de la manera más favorable hacia la parte promovida, llevando a cabo todas las inferencias permisibles a su favor. Ahora bien, nuestro máximo foro reconoció que el foro apelativo está limitado, toda vez que no puede tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni adjudicar los hechos materiales en controversia.[39]

En segundo lugar, señaló que el Tribunal de Apelaciones debe revisar que tanto la moción en solicitud de sentencia sumaria, como

---

[35] Regla 36.3 (b) de Procedimiento Civil, supra, R. 36.3 (b).
[36] Regla 36.3 (c) de Procedimiento Civil, supra.
[37] *Meléndez González et al. v. M. Cuebas*, supra.
[38] Regla 36 de Procedimiento Civil, supra, R. 36.
[39] *Meléndez González et al. v. M. Cuebas*, supra, pág. 118.

la oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[40]

En tercer lugar, ordenó que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia y, de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil.[41]

En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal de Apelaciones deberá revisar *de novo* si el foro primario aplicó correctamente el Derecho a la controversia.[42]

**B.**

Por otro lado, la carretera es definida como "cualquier vía pública estatal para el tránsito vehicular" construida conforme al Artículo 1-02 de la Ley Núm. 54-1973,[43] y está integrada en parte por la servidumbre de paso y el paseo. El paseo es aquella parte lateral de una carretera entre la cuneta y el área de rodaje, o entre el área de rodaje y la propiedad privada adyacente donde no hay cuneta.[44] Por su parte, la servidumbre de paso es "la superficie de terreno ocupada por la carretera, e incluirá el área de rodaje, paseos, cunetas y terrenos adyacentes hasta la colindancia con la propiedad privada".[45] Cónsono con lo anterior, el concepto de carretera contempla las aceras como parte de esta, por lo cual, si la carretera es de jurisdicción estatal, la acera también lo es.[46]

---

[40] *Íd.*; Regla 36 de Procedimiento Civil, supra.
[41] *Meléndez González et al. v. M. Cuebas*, supra, pág. 118; Regla 36.4 de Procedimiento Civil, supra, R. 36.4.
[42] *Meléndez González et al. v. M. Cuebas*, supra, pág. 119.
[43] Artículo 1-02 (a) de la *Ley de Administración, Conservación y Policía de las Carreteras Estatales de Puerto Rico*, Ley Núm. 54 del 30 de mayo de 1973 (Ley Núm. 54-1973), según enmendada, 9 LPRA sec. 2102.
[44] Artículo 1-02 (c) de la Ley Núm. 54-1973, *Íd.*
[45] Artículo 1-02 (f) de la Ley Núm. 54-1973, *Íd.*
[46] *González Meléndez v. Municipio Autónomo de San Juan*, supra, págs. 619-620.

Según la *Ley de Travesías*, el Secretario del Departamento de Transportación y Obras Públicas (DTOP) posee la obligación ministerial de conservar y mantener los trozos de carreteras que forman las travesías de los pueblos.[47] Sin embargo, los municipios tienen jurisdicción sobre las zonas urbanizadas, las cuales incluyen las aceras y reatas o jardineras, y pueden fijar alienaciones para la construcción de edificios y aceras de acuerdo con lo que dispongan las ordenanzas municipales.[48] Sin embargo, "[n]o estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio" por las siguientes razones:

> **(a)** En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.
> **(b)** En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
> **(c)** En la imposición o cobro de contribuciones.
> **(d)** Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.
> **(e)** Ocurrida fuera de la jurisdicción territorial de Puerto Rico.
> **(f)** En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.
> **(g)** Cuando ocurran accidentes en las carreteras o aceras estatales.
>
> La sentencia que se dicte contra cualquier municipio de acuerdo con este Capítulo no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia, ni concederá daños punitivos, ni impondrá honorarios de abogados. La imposición de costas se regirá por el procedimiento ordinario.[49]

---

[47] Artículo 1 de la *Ley de Travesías*, Ley Núm. 49 del 1 de diciembre de 1917 (Ley Núm. 49-1917), según enmendada, 9 LPRA sec. 12; Artículo 403 del *"Código Político de Puerto Rico" de 1902*, 3 LPRA sec. 421.

[48] Artículo 2 de la Ley Núm. 49-1917, supra, sec. 13; *Vélez v. La Capital*, 77 DPR 701, 707 (1954); *Pérez v. Mun. de Lares*, 155 DPR 697, 711 (2001).

[49] Art. 1.053 del *Código Municipal*, supra, sec. 7084 (Énfasis suplido en el original); véase además, el texto del Artículo 15.005 de la Ley de Municipios Autónomos, supra, sec. 4705 (derogada):

> No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:
> **(a)** En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.
> **(b)** En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
> **(c)** En la imposición o cobro de contribuciones.

En *González Meléndez v. Municipio Autónomo de San Juan*, nuestro Tribunal Supremo tuvo la oportunidad de determinar si los municipios responden por las reclamaciones en concepto de daños y perjuicios instadas en su contra a causa de accidentes ocurridos en las carreteras o aceras pertenecientes al Gobierno Estatal, pero que transcurren dentro de los límites territoriales municipales.[50] Dicho foro expresó respecto al inciso (g) del Artículo 15.005 de la derogada *Ley de Municipios Autónomos*[51]-equivalente al Artículo 1.053 del *Código Municipal*[52]- que:

> *Nótese que el Art. 15.005 de la Ley de Municipios Autónomos, supra, no deja margen a otra interpretación en tanto y en cuanto específicamente libera de responsabilidad a los municipios cuando ocurren accidentes en carreteras o aceras estatales, entre otras cosas. Por lo tanto, resolvemos que el Municipio posee inmunidad al amparo del inciso (g) del Art. 15.005 de la Ley de Municipios Autónomos, supra. La señora González Meléndez no cuenta con una causa de acción en contra de éste. Aun cuando pudo haber promovido su demanda en contra del Estado, la recurrida perdió su oportunidad al no cumplir con el requisito estatutario de notificación oportuna.*[53]

Por lo tanto, si se cumplen cualquiera de las instancias del Artículo 15.005 de la *Ley de Municipios Autónomos*, "entonces se está ante una limitación para demandar a los municipios, para la

---

**(d)** Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.
**(e)** Ocurrida fuera de la jurisdicción territorial del Estado Libre Asociado de Puerto Rico.
**(f)** En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.
**(g)** Cuando ocurren accidentes en las carreteras o aceras estatales. [Nota: La Ley 143-2019 añadió este inciso]
        La sentencia que se dicte contra cualquier municipio de acuerdo con el Artículo 15.003 de este Capítulo no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia, ni concederá daños punitivos ni impondrá honorarios de abogados. La imposición de costas se regirá por el procedimiento ordinario. (Énfasis suplido en el original).

[50] *González Meléndez v. Municipio Autónomo de San Juan*, supra.
[51] Artículo 15.005 (g) de la *"Ley de Municipios Autónomos de Puerto Rico"*, Ley Núm. 81 del 30 de agosto de 1991, según enmendada, 21 LPRA sec. 4705 (derogada).
[52] Art. 1.053 del *Código Municipal*, supra, sec. 7084 (Énfasis suplido en el original).
[53] *González Meléndez v. Municipio Autónomo de San Juan*, supra, pág. 621 (Énfasis suplido en el original).

cual no existe una excepción en ley. Se trata, pues, de una lista *numerus clausus* establecida por el legislador, y solo él puede variarla".[54] Asimismo, para que los municipios no respondan por reclamaciones de daños y perjuicios es necesario que haya un vínculo directo entre un accidente y el hecho de que este ocurra en una carretera o acera propiedad del Estado.[55]

## III.

En el presente caso, el señor López López solicita que revoquemos la *Sentencia Sumaria* recurrida, pues arguye que el TPI incidió al determinar que el Municipio tenía inmunidad por accidentes ocurridos en la acera en cuestión, luego de que asumiera contractualmente la obligación de mantener y reparar la misma, y consecuentemente, renunciara a su inmunidad; y al aplicar retroactivamente la norma establecida en González *Meléndez v. Municipio Autónomo de San Juan*.[56]

Por su parte, el Municipio alegó que presentó dos certificaciones en las cuales el señor Wilcelino Sánchez Rodríguez, inspector de la vía pública, certificó que la carretera en controversia no pertenecía ni estaba bajo la jurisdicción del Municipio, más sin embargo el señor López López no presentó prueba alguna para controvertirlas. Además, expuso que la inmunidad a favor del Municipio existía para la fecha del incidente; a saber, el 19 de octubre de 2021, por medio del Artículo 1.053 del *Código Municipal*. Añadió que, en González *Meléndez v. Municipio Autónomo de San Juan*,[57] nuestro Tribunal Supremo no confirió inmunidad alguna, sino que interpretó el Artículo 1.053 del *Código Municipal*,

---

[54] *Íd.*, pág. 620.
[55] *Íd.*
[56] *Íd.*
[57] *Íd.*

equivalente al Artículo 15.005 de la derogada *Ley de Municipios Autónomos*.[58]

Por los fundamentos a continuación, el señor López López no tiene razón. Veamos.

Según dispuesto anteriormente, el primer y segundo paso del estándar que este Tribunal debe utilizar para revisar la concesión o denegatoria de una solicitud de sentencia sumaria es una revisión *de novo* del expediente del caso de epígrafe y corroborar que tanto la solicitud como la oposición a sentencia sumaria cumplan con los requisitos de la Regla 36 de Procedimiento Civil.[59] De una lectura cuidadosa de la solicitud de sentencia sumaria y la oposición, surge que la *Moción de Sentencia Sumaria* que presentó la parte apelada cumplió con los requisitos de la Regla 36.3 (a) de Procedimiento Civil.[60] Sin embargo, la *Oposición a Sentencia Sumaria* radicada por el señor López López incumplió con el inciso (b)(2) de la Regla 36.3 de Procedimiento Civil por no indicar "los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal" respecto a los hechos número 1 al 3 señalados como controvertidos.[61]

Respecto al tercer paso de nuestro análisis, y tras una lectura cuidadosa y detallada del expediente, la solicitud de sentencia sumaria y su oposición, determinamos que no existen hechos materiales en controversia.

En lo pertinente a la controversia de epígrafe; esto es, si el Municipio tenía inmunidad por accidentes ocurridos en la acera en

---

[58] Art. 1.053 del *Código Municipal*, supra, sec. 7084; Artículo 15.005 (g) de la *Ley de Municipios Autónomos*, supra, sec. 4705 (derogada).
[59] Regla 36 de Procedimiento Civil, supra.
[60] Regla 36.3 (a) de Procedimiento Civil, supra.
[61] Regla 36.3 (b)(2) de Procedimiento Civil, supra, R. 36.3 (b)(2); *Oposición a Sentencia Sumaria*, Apéndice del recurso, pág. 237.

cuestión; la *Moción de Sentencia Sumaria* propuso como hechos incontrovertidos los siguientes, entre otros:

> 4. El Municipio de Vega Baja no posee la titularidad, jurisdicción y control de la Carretera PR-155, a la altura del kilómetro 67.6, donde ocurrió el accidente de epígrafe.
>
> 5. La acera donde el demandante se accidentó forma parte de la Carretera PR[-]155, la cual es una carretera estatal, que pertenece y queda bajo la jurisdicción del ELA.
>
> 6. El Municipio de Vega Baja tomó la decisión de reparar la acera, luego del 19 de octubre de 2021, porque el ELA, quien era la entidad que tenía el deber de hacerlo, no lo hizo.[62]

Para probar que el Municipio no poseía titularidad, jurisdicción ni control de la Carretera PR-155, la parte apelada presentó dos certificaciones, una del 23 de mayo de 2023 y otra del 10 de abril de 2024. Por medio de estas, un inspector de la vía pública expresó bajo juramento que la carretera a la cual pertenece la acera donde ocurrió el incidente no era del Municipio ni estaba bajo la jurisdicción del Municipio.[63] Además, la parte apelada hizo referencia a la contestación al primer pliego de interrogatorio y requerimiento de documentos realizada por el señor Giovanni Ortiz Marrero, empleado encargado de propiedad del Municipio, con el propósito de evidenciar que la acera en cuestión era estatal y que estaba bajo la jurisdicción del ELA:

> **10. Indique a quién corresponde la titularidad de la acera ubicada frente al Cuartel de la Policía de Vega Baja, lugar donde ocurrió el accidente.**
>
> *R: La acera en cuestión no queda bajo la jurisdicción del Municipio de Vega Baja. Considerando que la acera forma parte de la Carretera PR-155, la cual es una carretera estatal, esta pertenece y queda bajo la jurisdicción del Estado Libre Asociado.*[64]

---

[62] *Sentencia Sumaria*, Apéndice del recurso, pág. 292.
[63] *Certificación sobre Titularidad o jurisdicción*, *Íd.*, pág. 189; *Certificación sobre Titularidad o jurisdicción*, *Íd.*, pág. 190.
[64] *Contestación a Primer Pliego de Interrogatorios & Requerimiento de Producción de Documentos, Íd.*, pág. 194 (Énfasis suplido en el original).

Para refutar el asunto de la titularidad y si la carretera era estatal, el señor López López aludió a unas fotos del lugar del incidente tomadas por él, al día siguiente en el cual ocurrió el accidente.[65] Según el testimonio del señor López López, esas imágenes mostraban que la acera estaba en condiciones distintas a las que estaba cuando sucedió el incidente.[66] También apuntó a un informe de investigación presentado por la parte apelada y fechado el 10 de enero de 2022. Sostuvo que el mismo reflejaba unas imágenes tomadas en una fecha cercana al incidente de las cuales se podía apreciar el pavimento recién tirado, unos adoquines del Municipio y unos faroles de alumbrados como parte de las mejoras realizadas por el Municipio.[67]

Por último, el señor López López no presentó prueba alguna para impugnar si el Municipio había tomado la decisión de reparar la acera, luego del 19 de octubre de 2021, porque el ELA no lo hizo; y si el ELA era la entidad que tenía el deber de hacerlo. Por el contrario, se limitó a expresar que "[e]l Municipio reconoce haber reparado el lugar del accidente al día siguiente, pero contradictoriamente reclama que el ELA *no lo hizo*".[68]

Es norma conocida que toda relación de hechos expuesta en la solicitud de sentencia sumaria o en su oposición que cumpla con la Regla 36.3 (a)(4) de Procedimiento Civil, podrá considerarse admitida. La misma dispone que la parte promovente debe incluir una relación concisa, organizada y en párrafos enumerados de todos los hechos relevantes sobre los cuales no existe controversia haciendo referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establezcan

---

[65] *Fotos, Íd.*, págs. 250-251.
[66] *Deposición del Sr. Omar López López, Íd.*, págs. 152-157.
[67] *Primer Informe, Íd.*, pág. 264.
[68] *Oposición a Sentencia Sumaria, Íd.*, pág. 236, Nota al calce número 5 (Énfasis suplido en el original).

estos hechos, así como de cualquier otro documento admisible en evidencia que esté en el expediente.[69] La parte contraria también tiene que cumplir con dicha disposición, y no puede descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar de forma tan detallada y específica como lo haya hecho la parte promovente.[70] **Es decir, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa".**[71]

En el caso de marras, el señor López López arguyó que como el Municipio reparó la acera luego del incidente, eso era suficiente para poner en duda si el Municipio poseía o no poseía la titularidad, jurisdicción y control de la carretera en cuestión. No obstante, las certificaciones presentadas por la parte apelada y la contestación al primer pliego de interrogatorio y requerimiento de documentos realizada por el empleado del Municipio son suficientes para determinar que la Carretera PR-155 es una carretera estatal. Como el concepto de carretera contempla las aceras como parte de esta, al tratarse de una carretera de jurisdicción estatal, la acera donde ocurrió el accidente del señor López López también lo es. Por lo tanto, no existen hechos en controversia.

Conforme al cuarto paso de nuestro análisis sobre las solicitudes de sentencia sumaria, procede que revisemos *de novo* si el foro primario aplicó correctamente el Derecho a la controversia presentada ante nos.

Tal como anteriormente expuesto, cuando ocurren accidentes en carreteras o aceras estatales, no se autorizarán las causas de acción presentadas en contra del Municipio en concepto de daños y

---

[69] Regla 36.3 (a)(4) de Procedimiento Civil, supra, R. 36.3 (a)(4).
[70] Regla 36.3 (c) de Procedimiento Civil, supra.
[71] *León Torres v. Rivera Lebrón*, supra, pág. 44 (Énfasis suplido).

perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado del Municipio.[72]

Cónsono con lo anterior, nuestro Tribunal Supremo de Puerto Rico expresó que el Art. 15.005 de la *Ley de Municipios Autónomos*,[73] actualmente el Artículo 1.053 (g) del *Código Municipal, "no deja margen a otra interpretación en tanto y en cuanto específicamente libera de responsabilidad a los municipios cuando ocurren accidentes en carreteras o aceras estatales, entre otras cosas"*.[74] Por ende, resolvió que *"el Municipio posee inmunidad al amparo del inciso (g) del Art. 15.005 de la Ley de Municipios Autónomos, supra"*.[75] Nuestro máximo foro también expuso que si se cumple cualquiera de las instancias de dicho artículo, se está ante una limitación para demandar a los municipios **para la cual no existe excepción de ley alguna**. Además, tiene que existir un vínculo directo entre el accidente y el hecho de que dicho accidente ocurra en una carretera o acera del Estado para que los municipios no respondan por reclamaciones en concepto de daños y perjuicios.

En el presente caso, se cumplen dichos requisitos. Lo anterior pues tanto la Carretera PR-155 como la acera en cuestión son estatales, y es un hecho incontrovertido que, el 19 de octubre de 2021, el señor López López sufrió una caída en la misma acera, la cual está localizada frente al Cuartel de la Policía de Vega Baja que pertenece a la Carretera PR-155. Por lo tanto, existiendo un vínculo entre la acera y el accidente, y considerando que el caso de epígrafe es una reclamación de daños y perjuicios presentada en contra del Municipio por un accidente que le ocurrió al señor López López en una acera estatal, le aplica la inmunidad concedida por el inciso (g)

---

[72] Artículo 1.053 (g) del *Código Municipal*, supra, sec. 7084.
[73] Art. 15.005 de la *Ley de Municipios Autónomos*, supra, sec. 4705 (derogada).
[74] *González Meléndez v. Municipio Autónomo de San Juan*, supra, pág. 621 (Énfasis suplido en el original).
[75] *Íd.* (Énfasis suplido en el original).

del Artículo 1.053 del *Código Municipal* a dicho Municipio.[76] Consecuentemente, el foro primario no erró al conceder la solicitud de sentencia sumaria y desestimar el pleito de marras, conforme al Artículo 1.053 (g) del *Código Municipal*.[77]

**IV.**

En virtud de lo anterior, *se confirma* la *Sentencia Sumaria* recurrida.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos está conforme y, además, consigna lo siguiente. Por virtud de lo determinado en *González v. Municipio*, 212 DPR 601 (2023), la norma es que, si la carretera es estatal, la acera automáticamente lo es también y, aunque sea un municipio el que ejerce control sobre la acera y el que incurre en negligencia al respecto, como consecuencia de lo cual alguien sufre algún daño, dicho municipio no responderá. El Tribunal Supremo explícitamente determinó que no tenía pertinencia si el municipio ha ejercido control sobre la acera o si ha sido negligente al respecto. Por tanto, el Estado Libre Asociado de Puerto Rico (el "ELA") ha asumido la responsabilidad de responder incondicionalmente por los daños ocasionados por la negligencia de un municipio, ya sea en el cumplimiento de su deber de mantener en estado adecuado, o ya sea al realizar cualquier tipo de trabajo en, una acera "estatal". Esta es la única conclusión compatible con el hecho de que los municipios son criaturas del ELA y con el hecho de que, si el municipio ha ejercido este tipo de labores, ello ha ocurrido con la anuencia de, o a ciencia y paciencia del, ELA. Sencillamente, el ELA optó, como cuestión de política pública,

---

[76] Art. 1.053 (g) del *Código Municipal*, supra, sec. 7084.
[77] *Íd.*

por asumir responsabilidad vicaria por la negligencia de un municipio en este contexto.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones